The Honorable Bob Vancrum State Senator, Eleventh District State Capitol, Rm. 449-N Topeka, Kansas 66612
Dear Senator Vancrum:
As senator for the eleventh district, you request our opinion regarding the authority of the chairperson of a recreation commission. Although your request includes a number of questions, the basic premise behind the questions is whether the chairperson of the commission has the authority to request and authorize an investigation of a member of the commission. From the information provided, it appears the purpose of the investigation is to gather facts in an attempt to determine whether a member of the commission has undertaken actions which would constitute grounds for removal of the member from the commission.
Any city or school district acting independently or any city and school district acting jointly may establish a system of public recreation. K.S.A. 12-1924. Pursuant to state statute, the operation of the system is delegated to a recreation commission, the members of which are appointed pursuant to the procedures set forth in K.S.A. 1993 Supp. 12-1926. If the commission is formed by a governing entity acting independently, the governing entity is authorized to appoint four persons to serve as members of the commission. If the commission is formed by governing entities acting jointly, each participating governing entity appoints two members of the commission. In both situations, a fifth member of the commission is appointed by the four members appointed by the appropriate governing entity. K.S.A. 1993 Supp. 12-1926 establishes staggered terms for the members of the commission. Upon expiration of the initial term:
 "[T]he members of the commission shall be selected in the same manner as the member such person is succeeding and the term of office of each shall be four years. Any member of the recreation commission may be removed from the commission, by the appointing authority, for any cause which would justify removal of an appointive officer of the city or school district. . . . The commission shall elect a chairperson and secretary from their membership. The commissioners are hereby empowered to administer in all respects the business and affairs of the recreation system. The treasurer of the city or school district to which is certified the budget of the recreation commission shall serve as ex officio treasurer of the recreation commission. Such treasurer shall keep an accurate record of all money and property received and dispersed and shall make a report thereof monthly to the commission, or as often as the commission requires. Members of the commission and the ex officio treasurer of the commission shall serve without compensation." K.S.A. 1993 Supp. 12-1926
(emphasis added).
A recreation commission is a creature of statute and has only such powers as are conferred upon it by statute, expressly or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence. Attorney General Opinion No. 88-157; see Hobart v. U.S.D. No. 309, 230 Kan. 375, 383 (1981). When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, 629
(1992). As originally enacted, K.S.A. 12-1922 et seq. did not include a provision which expressly provided for the removal of a member of the commission. By L. 1993, ch. 46, sec. 1, the legislature expressly granted to the entity appointing a member of the commission the authority to remove that member from the commission. Pursuant to the provisions of K.S.A. 1993 Supp. 12-1926, four members of the commission are authorized to appoint the fifth member of the commission. As the appointing authority of the fifth member, the commission may remove the fifth member of the commission "for any cause which would justify removal of an appointive officer of the city or school district." K.S.A. 1993 Supp.12-1926.
 "Cause implies a reasonable ground for removal as distinguished from a frivolous or incompetent ground. The phrase `for cause' in this connection means for reasons which the law and sound public policy recognize as sufficient warrant for removal, that is, legal cause, and not merely cause which the appointing power in the exercise of discretion may deem sufficient. It has been implied that officers may not be removed at the mere will of those vested with the power of removal, or without any cause. Moreover, the cause must relate to and affect qualifications appropriate to the office . . . or its administration, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The evidence showing the existence of reasons for dismissal must be substantial." 63A Am.Jur.2d Public Officers and Employees sec. 239 (1984).
The authority to remove an officer for cause by necessity implies the authority to conduct at least in some limited sense an investigation in an attempt to determine whether the officer has engaged in activities which would constitute grounds for removal. As the commission, as appointing authority, has the power to remove the fifth member of the commission, the commission has the authority to conduct an investigation of the fifth member in an attempt to determine whether the fifth member has engaged in activities which would constitute grounds for removal from the commission.
The powers set forth in K.S.A. 12-1922 et seq. are to be exercised by a commission which is composed of five members. Pursuant to the rules of statutory construction set forth in K.S.A. 1993 Supp. 77-201:
 "Fourth. Words giving a joint authority to three or more public officers or other persons shall be construed as given [sic] that authority to a majority of them, unless it is otherwise expressed in the act giving the authority."
Three members of a board or commission comprised of five members may lawfully conduct the business of the board or commission. Coggins v.Public Employee Relations Board, 2 Kan. App. 2d 416, 421 (1978). A minority of the board or commission has no authority to act. Green v.Hodges, 91 Kan. 658, 662 (1914). See also Attorney General Opinions No. 86-47; 81-141. Because a recreation commission is to be comprised of five members, and no statutory provision permitting a smaller number of members of the commission to conduct business exists, three members are required for the commission to lawfully conduct the business of the commission. An individual member of the commission may not exercise the powers of the commission.
In review, the recreation commission, as the appointing authority, has the power to remove the member of the commission it appointed for any cause which would justify removal of an appointive officer of the city or school district. An implied power of the authority to remove the member is the authority to conduct an investigation of that member in an attempt to determine whether that member has engaged in activities which would constitute grounds for removal from the commission. An individual member of the commission may not unilaterally exercise the powers of the commission.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm